IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HECTOR CRUZ, | ) Civ. No. 12-00485 JMS/KSC |
| | ) (Cr. No.  07-00268-03 JMS) |
| Petitioner, | ) |
| | ) ORDER DENYING MOTION UNDER |
| vs. | ) 28 U.S.C. § 2255 TO VACATE, SET |
| | ) ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | ) BY A PERSON IN A FEDERAL |
| | ) CUSTODY |
| Respondent. | ) |
| | ) |
| _____ | ) |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN A FEDERAL CUSTODY**

**I. INTRODUCTION**

On August 15, 2012, Petitioner Hector Cruz ("Cruz") filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody (the "Petition").[1]  Doc. No. 754 (Cr. No. 07-00268-03).  The Petition arises from Cruz's May 14, 2008 guilty plea to charges involving a drug

---

[1] The Petition was filed in this court on August 23, 2012.  Records indicate, however, that it was mailed on August 20, 2012 from Cruz's place of incarceration, Doc. No. 754-1 (envelope), and the Petition is dated August 15, 2012.  *See* Doc. No. 754 at 13.  Thus, construing the documents in favor of Cruz for present purposes, the court will treat the Petition as having been filed on August 15, 2012.  *See, e.g.*, *United States v. Garcia*, 210 F.3d 1058, 1061 n.5 (9th Cir. 2000) (applying the "mailbox rule," which deems a prisoner's petition filed when he hands it to the prison authorities, and assuming the petition was filed when dated) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

distribution conspiracy, and his subsequent July 28, 2009 sentence.  After Cruz filed this Petition, the court issued an Order to Show Cause Why the Petition Should Not Be Dismissed ("OSC"), given that the Petition was filed nearly one year past the deadline for such a Petition.  *See* Doc. No. 755.  The court allowed Cruz until October 23, 2012 to file a response.  *Id.* at 5.  The court later extended the time to respond to the OSC until November 6, 2012.  No response was filed.[2]

      Because it is undisputed that this Petition is time-barred, and there are no circumstances indicating the possible applicability of equitable tolling, the Petition is DENIED.

## II.  DISCUSSION

      On July 28, 2009, the court sentenced Cruz to 174 months incarceration, and judgment was entered on July 29, 2009.  On August 7, 2009, Cruz filed a Notice of Appeal.  On July 2, 2010, the appeal was dismissed by the Ninth Circuit Court of Appeals.  The time to petition to the U.S. Supreme Court for

---

[2] On September 21, 2012, Cruz filed a Motion to Appoint Counsel, Doc. No. 757, which the court denied on September 27, 2012.  Doc. No. 758.  The Motion sought counsel for this Petition (and apparently to respond to the OSC), and also reacted to the OSC by stating the OSC was "refused for fraud."  Doc. No. 757 at 1.  In its Order Denying Motion for Appointment of Counsel, the court extended the time to respond to the OSC to November 6, 2012.  Doc. No. 758 at 5.  Meanwhile, Cruz appealed the Order Denying Motion for Appointment of Counsel to the Ninth Circuit Court of Appeals, but the Ninth Circuit dismissed that appeal for lack of jurisdiction on November 6, 2012.  *See* Ninth Cir. App. No. 12-17284, Doc. No. 3.  As of November 12, 2012, Cruz has not filed any response to the OSC, despite the deadline having passed on November 6, 2012.

writ of certiorari expired on or about September 30, 2010. Cruz did not file this Petition until August 15, 2012 -- almost two years after that time expired.

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petition is not timely under § 2255(f)(1). In this instance, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Ninth Circuit dismissed Cruz's appeal on July 2, 2010 (although the mandate issued on July 26, 2010). Cruz did not file a petition for writ of certiorari. Thus, the conviction became final ninety days after July 2, 2010. *See id.* at 527 (reasoning that "[t]he time to file a petition

for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)") (quoting Supreme Court Rule 13(3)).  That is, Cruz's conviction became final on September 30, 2010, which is ninety calendar days after July 2, 2010.  Therefore, Cruz had one year from that date to file the Petition.  Cruz filed his Petition on August 15, 2012 -- almost a year late given the one-year deadline outlined in § 2255(f)(1).

Sections 2255(f)(2) and (f)(3) also do not provide Cruz any relief from the conclusion that his Petition is untimely -- Cruz is not asserting that a governmental impediment prevented him from bringing this action, and he points to no Supreme Court decision newly recognizing rights asserted in the Petition.

Based on what is provided in the Petition, § 2255(f)(4) also does not apply.  Section 2255(f)(4) tolls the statute of imitations until the date on which the *facts* supporting the claim or claims could have been discovered through the exercise of reasonable diligence.  This provision "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, n.4 (2d Cir. 2000)).  In other words, reasonable diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable

option." *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Rather, a prisoner must "make *reasonable* efforts to discover the facts supporting his claims." *Id.*

A document Cruz attached to the Petition indicates that Cruz attempted to obtain his legal files from his prior attorney so that he could file a habeas corpus petition. *See* Doc. No. 754 at 15 (letter of November 8, 2011). That document -- construed liberally in favor of Cruz -- makes apparent reference to a prior "mailing" of September 28, 2011 (only a day or two prior to expiration of the time to file a motion under § 2255). *Id.* Although tolling is allowed in some circumstances when a prisoner has been denied access to legal files from his counsel, *see, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003), the prisoner must still act with reasonable diligence. Here, Cruz's letter of November 8, 2011 does not indicate that he was reasonably diligent in seeking to obtain his files from his attorney -- at best, he waited nearly an entire year to even attempt to *contact* his attorney on September 28, 2011. This falls "far short of reasonable diligence" and cuts against § 2255's clear policy of promptness in filing petitions. *See Anjulo-Lopez*, 541 F.3d at 819. Even if Cruz's former attorney would have provided Cruz his legal files after receiving a September 28, 2011 "mailing," Cruz would not have been able to file his Petition before the September 30, 2011 deadline. That is, even

assuming Cruz attempted to obtain his legal files from his former counsel, he did not act with reasonable diligence in doing so.  *See id.*

Similarly, the Petition does not indicate any circumstances that would entitle Cruz to equitable tolling.  "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the] untimeliness."  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation signals and citation omitted).  "A litigant seeking equitable tolling . . . bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Finally, the court allowed Cruz an opportunity show cause why this Petition should not be denied, and to explain any circumstances that might justify the court considering this late Petition, and Cruz did not respond.  *See* Doc. Nos. 755 (OSC issued on September 12, 2012) and 758 (Order extending time to file response to OSC to November 6, 2012).  The court warned Cruz that failure to respond to the OSC would result in dismissal of the Petition as untimely.  *See* Doc. No. 755 at 6.

## III. CONCLUSION

For the foregoing reasons, the court DENIES the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody. Doc. No. 754. The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cruz v. United States*, Civ. No. 12-00485 JMS/KSC, Cr. No. 07-00268-03 JMS, Order Denying Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody Should Not Be Dismissed